█ In the Matter of the Claim of ROCCO CARBONE, Respondent, v. B & R TRUCKING Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— HAMM, J. Appeal by the carrier from a board decision which affirmed a Referee's award of payment of disability benefits. Benefits were awarded from June 29, 1962 to September 1, 1962, and the case was closed. On June 22 and June 29, 1962, the claimant was examined by a doctor who, in his certificate as attending physician, certified that on June 29, 1962, the claimant was physically unable to work but should be able to return to work on September 1, 1962. The claimant last worked on June 29, 1962, and did not return to work until September 4, 1962. On September 29, 1962, the claimant was again examined by his physician. His doctor thereafter certified that the claimant was "continuously disabled and unable to work from June 29, 1962" and "was physically able to return to work on Sept. 1, 1962". In a final report the doctor stated that he " considered the patient under medical care from June 22 to Sept. 1 " and that his condition had been diagnosed as anxiety state, manifested by pylorospasm. The Workmen's Compensation Law provides (§ 205, subd. 2) that an employee shall not be entitled to benefits for any period of disability during which he " is not under the care of a physician ". The appellant contends that, as the claimant did not consult his physician during the period for which he received disability benefits, he was not under the care of a physician

within the meaning of the Workmen's Compensation Law. There is nothing in the statute which defines or restricts a broad and liberal interpretation of the term "under the care of a physician" and care is broad enough to include examination and diagnosis and also prescription of conduct designed to effect a cure; at least the board could so find as a question of fact. It was within the province of the board in the exercise of its fact-finding power to conclude that the claimant was under a doctor's care from the time of his first visit to the time of his last visit, a period which preceded, extended beyond and hence included the lesser period for which he received disability benefits. The appellants also attempt to raise the issue of the compensability of the claim as an occupational disease or an injury due to accident. This question was not raised by the application for review and may not be considered here (Workmen's Compensation Law, § 23; *Matter of Hedlund* v. *United Exposition Decorating Co.*, 15 A D 2d 973, 975, mot. for lv. to app. den. 11 N Y 2d 646; *Matter of Chersi* v. *Lulich Constr. Co.*, 19 A D 2d 672, 673; *Matter of Redder* v. *Village of Clyde*, 21 A D 2d 917). In any event there is no evidence in the record which would compel the board to find either a compensable accident or the contraction of an occupational disease. On the contrary the employer's report of disability completed on November 1, 1962, stated that disability was not due to employment. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds and Taylor, JJ., concur.